# UNITED STATES of America

v.

# Alfred IANNIELLO, Morton Walker, Carl Moskowitz, and Chester Cohen, Defendant.

## No. 85 Cr. 116 (EW).

United States District Court, S.D. New York.

Jan. 26, 1988.

Rudolph W. Guiliani, U.S. Atty. for S.D. of N.Y., New York City, for U.S.; Louis J. Freeh, of counsel.

Todtman, Hoffman, Epstein, Young, Goldstein, Tunick & Pollok, P.C., New York City, for Alfred Ianniello; John L. Pollok, of counsel.

Goldberger & Dubin, P.C., New York City, for Morton Walker; Paul A. Goldberger, of counsel.

Gustave H. Newman, P.C., New York City, for Carl Moskowitz; Gustave H. Newman, of counsel.

Kaplan, Thomashower, & Landau, New York City, for Chester Cohen; Eugene Neal Kaplan, of counsel.

## OPINION

BRIEANT, Chief Judge.

The petitioners, Alfred Ianniello, Chester Cohen, Carl Moskowitz, and Morton Walker, filed applications for habeas corpus relief from their convictions upon charges of conspiracy and substantive violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"),[1] and various violations of the mail fraud statute.[2] The charges against the petitioners centered about a scheme to provide false information to the New York State Liquor Authority (the "SLA") in order to obtain liquor licenses and defraud the state of tax payments by concealing the actual owners of the establishments at issue. Pursuant to 28 U.S.C. § 2255, petitioners seek an order vacating and setting aside the judgments of conviction and sentences imposed upon them as sentences imposed in violation of laws of the United States. The petitioners were convicted in 1985, in the Southern District of New York. The judgment of conviction was affirmed by our Court of Appeals,[3] and certiorari was denied on June 22, 1987. Familiarity with this court's denial of the defendants' motion to dismiss the indictment is assumed.[4]

The petitioners contend that the Supreme Court decision in *McNally v. United States*[5] makes unlawful their convictions for mail fraud and RICO violations. The petitioners aver that the goal of the fraud charged against them was "depriving the public of the right to have its officials act on other than false and misleading information"; and that this goal to deprive the public of intangible rights is identical to that found to be insufficient in *McNally* to sustain convictions under the mail fraud statute. The petitioners assert that the RICO convictions should be overturned along with the convictions under the mail fraud statute because the predicate acts used to establish the RICO violations were based upon the mail fraud charges.

Following an examination of the entire record in this action, the court finds that *McNally* is readily distinguishable from the case at bar. In *McNally*, the Supreme Court invalidated the convictions of two men who were charged with engaging in a self-dealing patronage scheme to deprive the citizens and Commonwealth of Kentucky of "certain intangible rights," including the right to honest government.[6] At issue in *McNally* were the mail fraud convictions of two persons who were not charged with violating any state law but were charged with deceiving other state officials.[7] The issue was narrowed to the question of whether a state official commits mail fraud when the "violation asserted is the failure to disclose [the defendants] financial interest, even if the state law did nor require it, to other persons in the state government whose actions could have been affected by the disclosure."[8]

In this case, however, the government did not "argue that the convictions with respect to the SLA counts are sustainable on a theory of fiduciary responsibility" that has been discredited by *McNally*.[9] The petitioners were convicted of a scheme to defraud that had as its object the skimming of profits from the operation of bars and restaurants.[10] Contrary to petitioners' contention that the indictment merely alleged a scheme to deprive the SLA of intangible

1. 18 U.S.C. § 1961.

2. 18 U.S.C. § 1341.

3. 808 F.2d 184 (2d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 3230, 97 L.Ed.2d 736 (1987).

4. 621 F.Supp. 1455 (S.D.N.Y.1985).

5. —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987).

6. *Id.* at 2877.

7. *Id.* at 2882 n. 9 (1987).

8. *Id.*

9. *United States v. Ianniello,* 808 F.2d 184, 189 n. 9 (2d Cir.1986).

10. *Id.* at 189.

rights, the indictment only referred to the deprivation of intangible rights as incident to the scheme to defraud for pecuniary gain. The petitioners were alleged to have submitted falsified applications to the SLA that were intended to promote the larger scheme, as set forth in the RICO conspiracy counts, of concealing the real ownership interests of the establishments at issue in order to obtain liquor licenses to generate revenue from the sale of liquor and to facilitate the removal of cash from those businesses without detection by the authorities.[11]

The petitioners argue that the court's charge to the jury allowed them to be convicted of an offense that falls without the mail fraud statute in that the jury could find that the petitioners were involved solely in an effort to deceive the SLA, with no resultant pecuniary gain. Petitioners refer to an isolated portion of the jury instruction which they interpret as stating that mail fraud violations may be established when there is no defrauding for purposes of monetary or property gain. Taken as a whole, however, the instructions required that the jury find that the petitioners were involved in a scheme to use the mails in an effort to achieve pecuniary gain through false and fraudulent representations.

The court's charge instructed the jury that to convict a defendant of mail fraud, or one of the predicate acts of racketeering alleging mail fraud, the jury would have to find, initially, "that at or about the time alleged there existed a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises." The court next instructed that "[a] scheme or artifice is merely a plan for the accomplishment of an object. A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent promises, representations, or pretenses." This instruction, together with the court's explanation that the racketeer-

ing acts predicated upon the fraudulent representations to the SLA charged the defendants:

> "with using the mails as part of a fraudulent scheme to obtain money and property by means of false and fraudulent representations made to the State Liquor Authority for the purpose of concealing the financial and proprietary interests of defendants Matthew Ianniello and Benjamin Cohen in certain bars and restaurants, along with the fact that those two defendants were receiving money from the operation of those bars and restaurants."

The objections raised by petitioners as to specific portions of the jury instructions are insufficient to invalidate the convictions of the petitioners.[12] The effect of the total instructions [13] on the mail fraud allegations regarding the filing of fraudulent applications with the SLA included a proper explication of the criminal activity alleged, and required that the jury find that the petitioners were involved in the use of the mails in furtherance of a scheme to defraud for the purposes of obtaining monetary gain, of which the fraudulent applications to the SLA were a part. The defendants were found to have participated in "a scheme in which the mails were used indirectly to facilitate the fraudulent acquisition of money." [14] In fact, the defendants' methods resulted in the instance of several defendants defrauding the SLA of government taxes on an amount in excess of $2,000,000.

The petitioners' applications for writs of habeas corpus are denied. The motions for bail pending disposition of these applications are denied.

So ordered.

---

**11.** *United States v. Ianniello,* 621 F.Supp. 1455, 1474 (S.D.N.Y.1985).

**12.** *See, e.g. Cupp v. Naughten,* 414 U.S. 141, 142, 94 S.Ct. 396, 398, 38 L.Ed.2d 368 (1973).

**13.** *Id.* at 146, 94 S.Ct. at 400.

**14.** *United States v. Ianniello,* 621 F.Supp. 1455, 1474–75, n. 78 (S.D.N.Y.1985).